UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL BRIGHT-ASANTE,

Plaintiff,

-against-

SAKS & COMPANY, INC., and THEO
CHRIST,

Defendants.

**OPINION AND ORDER**

15 Civ. 5876 (ER)

Ramos, D.J.:

Before the Court is Plaintiff Michael Bright-Asante's motion for reconsideration of the

Court's Order on February 12, 2019, that denied his motion to compel the production of Janice

Hill, the Senior Director for Asset Protection at Defendant Saks & Company, Inc. ("Saks"), for

deposition. (Doc. 128.)  For the reasons explained below, Bright-Asante's motion is DENIED.

## I.     BACKGROUND

Familiarity with this years-long action is presumed.  In short, Bright-Asante filed the

instant action on July 27, 2015, alleging, among other claims, unlawful race discrimination on

Defendants' part. (Docs. 1–2.)  Defendants answered his Complaint on October 14, 2015,

denying liability. (Doc. 18.)  Since that time, Bright-Asante has twice amended his Complaint.

(Docs. 25, 78.)

The Court held discovery-related conferences with the parties on at least three

occasions:  March 1, 2018 (Doc. 101); November 15, 2018 (Doc. 117); and January 18, 2019

(Doc. 123).

On February 8, 2019, Bright-Asante requested permission to depose Janice Hill, purportedly an "important witness whose identity [Defendants] never disclosed until February 4, 2019." (Doc. 124.) In relevant part, Bright-Asante justified his request as follows:

> In his Second Amended Complaint, [Bright-Asante] alleged that "At no time had any SAKS' merchandize ever been lost because of any actions taken by ASANTE." In its ANSWER to the Second Amended Complaint, SAKS specifically denied this allegation by [Bright-Asante]. In other words, SAKS' position is that it lost merchandize of value as a result of the actions of [Bright-Asante]. However, SAKS never disclosed the identities of the individuals with knowledge or information relating to this loss. The general tenor of SAKS' position throughout discovery in this action is that [Bright-Asante] had engaged in fraudulent activities which caused SAKS to lose money. Yet, at no time did SAKS disclose the identity of a person with such critical information. . . . It was not until February 4, 2019, after SAKS had been served with [Bright-Asante]'s Third Set of Interrogatories, did SAKS for the first [time] indirectly disclose through the certification of Janice Hill, that "As a result the *fraudulent transactions [Bright-Asante] conducted* on August 29,2014, and the subsequent return of some of that merchandise on September 3, 2014, Saks lost a total of $2,259.16."[1]

(Doc. 124 (citations omitted).) Because Hill certified that Defendants believed they had lost money as a result of his actions, Bright-Asante served a notice of deposition on Hill "to explore the response of Janice Hill in more detail." (Doc. 124.) After Defendants refused to produce Hill for deposition, Bright-Asante asked the Court to compel Defendants to produce Hill. He noted that Defendants had not served him with an initial disclosure containing Hill's name, notwithstanding that Fed. R. Civ. P. 26(a)(A)(i) requires each party—without awaiting a

---

[1] In full, the interrogatory and answer reads as follows:

1. Did Defendant Saks lose any money due to any improper conduct on the part of Plaintiff Asante? If yes, state the amount of money lost by Saks, the time of the loss, and the circumstances [of] the loss.

2. **RESPONSE: See General Objections 1, 2 and 3. Without waiving these objections, but subject to same, yes. As a result of the fraudulent transactions Plaintiff conducted on August 29, 2014, and the subsequent return of some of that merchandise on September 3, 2014, Saks lost a total of $ 2,259.16.**

(Doc. 124 at 9.)

discovery request—to provide parties to litigation the names and contact information of each individual likely to have discoverable information.

Defendants opposed production of Hill for deposition. In their letter response to Bright-Asante's request, they noted that Bright-Asante, since 2015, has served no fewer than three sets of interrogatories, all which Defendants have responded to; and has deposed no fewer than six fact witnesses, three corporate representatives, and Defendants' expert witness—observations uncontroverted by Bright-Asante in his letter reply. (Doc. 125.) Defendants further noted that fact discovery closed prior to Bright-Asante's request, notwithstanding that Bright-Asante had *years* to explore the bases for the assertion in Defendants' Answer to his Second Amended Complaint that they had indeed lost merchandise because of him. What's more, Defendants disputed Bright-Asante's assertion that they should have initially disclosed Hill as a person with relevant knowledge pursuant to Rule 26 for two reasons. *First*, Defendants maintained that neither they nor Bright-Asante ever served Rule 26 Initial Disclosures—an observation uncontroverted by Bright-Asante in his letter reply. *Second*, Defendants maintained that they did not consider Hill a relevant witness; rather, they produced her only to certify the answer to the interrogatory Bright-Asante served for the first time in December 2018. Finally, Defendants claimed that Bright-Asante was derelict in his obligations to respond to several of their discovery requests—an observation uncontroverted by Bright-Asante in his letter reply.

After reviewing the parties' letters, the Court denied Bright-Asante's request on February 12, 2019. (Doc. 127.) Unsatisfied with the decision, Bright-Asante now moves for reconsideration of that denial.

## II.  LEGAL STANDARD

Under Local Civil Rule 6.3, reconsideration may be granted only where the Court has overlooked controlling decisions of law or factual matters that were "put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quoting *Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS) (HBP), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)).  Under such circumstances, a motion for reconsideration may be granted "to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).  "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Mikol*, 554 F. Supp. 2d at 500.

## III.  DISCUSSION

At the outset, the Court agrees with Defendants that Bright-Asante's motion for reconsideration is improper given that the motion merely regurgitates arguments previously raised by him and rejected by the Court while offering no new factual maters or controlling decisions of law for the Court to consider.

On the merits, the Court rejects Bright-Asante's request to depose Hill for substantially the same reasons Defendants provided in their letter responses to the Court.  As Defendants

aptly point out, discovery has been ongoing for more than three-and-a-half years; Defendants have already responded to several sets of interrogatories served by Bright-Asante, as well as document demands; and Bright-Asante has deposed already no fewer than six fact witnesses; three corporate representatives; and Defendants' expert, notwithstanding that this case involves a single plaintiff in a discrete employment dispute. Given that Bright-Asante was on notice, *as early as April 12, 2017*, that Defendants believed they lost merchandise resulting from his actions, and given that fact discovery has now closed, Bright-Asante's failure to uncover the bases for Defendants' position rests squarely on his shoulders.

What's more, with respect to Bright-Asante's claim that Defendants flouted their obligations under Rule 26(a), the Court is unpersuaded. For starters, Defendants point out that Bright-Asante, too, failed to serve Rule 26 disclosures altogether—an assertion Bright-Asante concedes by failing to respond. And, as Defendants point out, Bright-Asante's interrogatory requests called for more particular information than in the past, inquiring specifically into the amount of money lost as a result of his actions, the time of the loss, and the circumstances of the loss. Accordingly, the Court cannot say that Defendants' failure to disclose Hill resulted in any prejudice to Bright-Asante, given that he had years—not months, but years—to further investigate the particulars of Defendants' position.

While Bright-Asante believes that Defendants' failure to disclose Janice Hill constituted "impermissible chicanery," the Court is not so convinced. It's worth noting that Defendants have long disclosed the identities of Saks' Vice President of Human Resources (a party in this action), its Director of the Shoe Floor, its former Director of Internal Investigations, its Senior Director of Investigations and Business Conduct, its Managing Director of Asset Protection, and two different Asset Protection Managers. Janice Hill's position as Team Manager for Fraud

Protection Services seems redundant to many positions of witnesses already tendered to Bright-Asante. And, because Bright-Asante's claims are for race discrimination, and because Defendants have based their decision to suspend him on their disapproval of his actions, and not on the amount of money they lost because of his actions, further discovery pertaining to how Defendants calculated their loss total—especially in the form of costly and time-consuming deposition testimony—is not proportional to the needs of the case, particularly given the importance *vel non* of this issue and the likely benefit of further discovery relative to the burden and expenses of producing Hill.

## IV. CONCLUSION

For the reasons set forth above, as well as those detailed in Defendants' letters, *see* Docs. 125, 130, Bright-Asante's motion is DENIED. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 128.

It is SO ORDERED.

Dated:  March 11, 2019
        New York, New York

Edgardo Ramos, U.S.D.J.